## SINGER v. POLLOCK.

(Supreme Court, Appellate Term.　January 17, 1905.)

1. BILLS AND NOTES—LIABILITY OF SURETY—NOTICE OF DISHONOR.

　　Plaintiff cannot recover against a surety on a note without proving service of notice of dishonor, an affidavit of nonservice having been filed with the answer.

2. REVIEW—RECORD.

　　In determining a question of fact on review, the court cannot consider what purports to be a transcript of evidence not made a part of the return.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis Singer against Gregory Pollock to recover on a promissory note. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Pollock & Abrahams, for appellant.

Jacob W. Block, for respondent.

SCOTT, J. Upon the evidence as disclosed by the return the plaintiff failed to make out a case against this appellant because he did not prove service of notice of dishonor, an affidavit of nonservice having been filed with the answer. Code Civ. Proc. § 923. The respondent protests that the return does not contain certain evidence, which, as he says, would supply the defect of proof, and he submits with his brief what he declares to be a transcript of the omitted testimony. Of course, we cannot look beyond the return for the purpose of determining this appeal; but, if it were allowable to consider what is alleged to be the omitted testimony, it would be found that the defect in evidence is not supplied thereby, so far as this appellant is concerned. We think that justice will be best served if this cause be sent back for a retrial.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.